ASCHERMANN, Respondent, vs. HART and another, Garnishees, Appellants.

*January 9 — February 1, 1901.*

*Garnishment: Agreement to pay debts of another: Election to sue original debtor.*

In consideration of the rescission of an oral contract by which parents had sold a hotel and its equipment to their son, and of the return to them of the property with the improvements made by the son, the parents agreed to pay the debts of the son incurred in the business. A creditor of the son elected to sue him, and garnished the parents. *Held,* that thereby the unpaid purchase money in the hands of the garnishees became due to the principal defendant, and hence was subject to garnishment.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an appeal from judgment against the appellants in a garnishee proceeding. The respondent, *Aschermann,* was a creditor of one Charles P. Hart in the sum of $472, and brought action thereon April 15, 1897. At the same time he garnished the appellants, *Peter Hart* and *Anna Hart,* who denied all liability, and the respondent took issue upon such denial. Judgment was obtained against the main defendant February 27, 1899, for the amount of the debt, with interest and costs, amounting in all to $553.22, and thereafter the garnishee action was tried before the court without a jury. The trial court found as facts, in substance, that the garnishees are, and for many years have been, husband and wife; that *Anna Hart,* in the spring of 1893, owned, and for twenty years prior thereto had owned, a certain hotel property in Milwaukee, and that for about twenty-five years prior to the spring of 1893 the garnishees together had conducted a hotel business therein in the name of *Peter Hart,* deriving their livelihood out of said hotel business; that in the spring of 1891, *Anna,* with the consent of *Peter,* leased the hotel property, with its equipments, to the main defendant (who is a son of *Peter,* but not of *Anna*), who occupied the same as tenant until the spring of 1893; that in March, 1893, Charles purchased of *Anna,* with the consent of *Peter,* the hotel property, and all the furniture and personal property in it, for $33,000, paying $2,200 down, and agreeing to pay interest on the balance in monthly instalments, as well as the taxes and insurance, and went into possession thereof, and so remained up to March 1, 1897, making many valuable improvements on the property, and refurnishing the same; that this arrangement was by parol, no deed being executed; that in February, 1897, Charles being in default in several payments of interest and unable to carry on the business successfully, it was agreed between Charles and the gar-

Aschermann vs. Hart and another.

nishees that the sale should be rescinded, the real and personal property should be returned to the garnishees, and that in consideration of the return of the property, including the improvements made by Charles, the garnishees each agreed with Charles to pay his debts incurred in the business; that the plaintiff's debt was one of the debts incurred in the business; and that, therefore, the garnishees were indebted to the main defendant in an amount exceeding the plaintiff's judgment, and were liable as garnishees, and judgment was ordered and rendered holding them liable. Exceptions were duly taken to nearly every sentence of the findings.

For the appellants there was a brief by *Herbert J. Piper* and *Jared Thompson, Jr.*, and oral argument by *Mr. Thompson.*

*C. A. Koeffler, Jr.*, for the respondent.

WINSLOW, J. If the facts are as found by the trial court, the judgment against the garnishees must be affirmed. The facts so found are, in brief, that the garnishees, in consideration of the return to them of the real and personal property held by Charles, and the rescission of the contract of sale, agreed to pay all of the debts of Charles incurred in the business, of which the plaintiff's debt was one. The plaintiff declined to collect his debt from the garnishees, but elected to sue the original debtor; thereby the unpaid purchase money in the hands of the garnishees became due to Charles, and hence was subject to garnishment. *Greene & Button Co. v. Remington,* 72 Wis. 648. We have examined the evidence, and find it sufficient to sustain the findings of the trial court. There was much dispute, but it certainly cannot be held that the findings are against the clear preponderance of the evidence. We have found no other questions of sufficient importance to justify a discussion of them.

*By the Court.*— Judgment affirmed.